O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN ANTONIO FALCON, | ) | CASE NO. CV 12-2624 R (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE UNTIMELINESS |
| M.D. McDONALD, Warden, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Petitioner because this habeas corpus action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

1       The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560, 2562-63, 177 L. Ed. 2d 130 (2010).

      From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a)   In 2003, a Los Angeles County Superior Court jury convicted Petitioner of four counts of aggravated assault on a peace officer, plus certain deadly-weapon use enhancements. The jury also found that Petitioner had at least three prior serious felony convictions. Based in part on his prior record, he was sentenced to state prison for 180 years to life. *See People v. Falcon*, No. B166806, 2004 WL 1464532 (Cal. Ct. App. 2d Dist. 2004).

(b)   The Court of Appeal affirmed on June 30, 2004. *Id.* The California Supreme Court denied further direct review on October 13, 2004. *See id.* (caption).

(c)   Petitioner apparently did not seek *certiorari* in the United States Supreme Court. Petitioner's conviction therefore became final no later than January 12, 2005, when the high court's 90-day period (after the California Court of Appeal's decision) for seeking such relief expired. *See* SUP. CT. R. 13.1.

(d)   Four and a half years passed. On June 1, 2009, Petitioner filed a habeas corpus petition in the trial court. That court denied relief on the merits on June 22, 2009. Pet. ¶ 6(a). The California Court of Appeal likewise denied relief on November 20, 2009. Pet. ¶ 6(b).

(e)   Over ten more months passed. On September 29, 2010, Petitioner filed one last state habeas petition, this time in the California Supreme Court. That court denied relief on April 13, 2011, with citations indicating its view that the petition was untimely.

(f)   Another eleven months passed before Petitioner signed the petition commencing this action (on March 14, 2012).

* * * * *

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale over six years ago, in mid-January of 2006, twelve months after his conviction became final. Petitioner's commencement of state habeas proceedings over three years thereafter cannot rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: March 29, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE